IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:98 CR 034 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| MICHAEL P. POLANSKI, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |
| | ) | |

This matter is before the Court on Defendant's Motion for Expungement. (Docket #1182). For the reasons set forth below, Defendant's Motion is DISMISSED.

**Factual and Procedural Background**

On August 28, 1998 the Defendant was sentenced to 30 months incarceration following his plea of guilty to one count of conspiracy involving drug related activities of the defendant and many others, in violation of 18 U.S.C. § 371. On January 19, 2011 Defendant sent a letter to this Court with the heading "File of Motion" requesting that the Court expunge his conviction on the grounds of equitable hardship.

**Discussion**

Federal courts are of limited jurisdiction and possess only that power authorized by the Constitution and Congress, and may not expand their power by "judicial decree". *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). While some circuits have found that federal courts have jurisdiction under their inherent powers to order relief when asking for expungement of criminal records, *e.g., United States v. Schnitzer*, 567 F.2d 536, 539 (2nd Cir. 1977), the Sixth Circuit has held that federal courts are without jurisdiction to entertain motions

for expungement of criminal records. While earlier decisions of the Sixth Circuit suggest that federal courts do have jurisdiction over such motions, See *United States v. Doe,* 556 F.2d 391 (6th Cir. 1977) and *United States v. Carey,* 602 F.3d 738 (6th Cir. 2010), the recent decision in *United States v. Lucido,* abrogated *Doe* and *Carey.* 612 F.3d 871, 875-76 (6th Cir. 2010). In *Lucido,* the Sixth Circuit held that district courts lacked ancillary jurisdiction over expungement motions. *Id* at 871. The Sixth Circuit is not alone in this holding, as the First, Third, Eighth, and Ninth Circuits' have ruled similarly. See *United States v. Coloian,* 480 F.3d 47, 47 (1st Cir. 2007); *United States v. Dunegan,* 251 F.3d 477, 480 (3d Cir. 2001); *United States v. Meyer,* 439 F.3d 855, 860 (8th Cir. 2006); *United States v. Sumner,* 226 F.3d 1005, 1015 (9th Cir. 2000). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Lucido,* 602 F.3d at 877 (quotations omitted). In accordance with the holding in *Lucido,* the Court finds that it does not have jurisdiction to hear Defendant's Motion for Expungement, and must therefore dismiss the motion for want of jurisdiction.

## Conclusion

For the reasons set forth above, Defendant's Motion for Expungement (Docket #1182) is DISMISSED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: May 26, 2011